UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 16 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Joan Frances Mary Malone, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12 0260 |
| ) | |
| George Washington ) | |
| University Hospital *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues a District of Columbia hospital and a team of doctors there for medical malpractice. She seeks damages exceeding $40 million. As was determined nearly one year ago in plaintiff's civil action raising substantially similar claims, the instant complaint neither presents a federal question nor provides a basis for diversity jurisdiction



because the parties are not of diverse citizenship. *See Malone v. George Washington University Hospital*, No. 11-0430 (UNA) (D.D.C. Feb. 24, 2011) (same), *aff'd* No. 11-7012 (D.C. Cir. Aug. 1, 2011). Plaintiff's recourse lies, if at all, in the Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: February 14, 2012